**Original filed 9/30/06**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LARRY STINER,                                )        No. C 05-5400 JF (PR)
                                             )
                Petitioner,                  )        PARTIAL DISMISSAL
                                             )        ORDER; ORDER TO SHOW
   vs.                                       )        CAUSE
                                             )
                                             )
S.W. ORNOSKI, Warden,                        )
                                             )
                Respondent.                  )
                                             )

19      Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas

20   corpus pursuant to 28 U.S.C. § 2254 challenging the Board of Prison Terms' ("Board")

21   denial of parole.  Petitioner has paid the filing fee.  The Court will dismiss three of

22   Petitioner's claims and order Respondent to show cause why the petition should not be

23   granted as to the remaining claims.

24                                   **STATEMENT**

25      Petitioner was sentenced to five years-to-life in state prison after his conviction for

26   second degree murder in Los Angeles Superior Court.  Petitioner challenges the Board of

27   Prison Terms' failure to grant him parole at his April 5, 2005 parole suitability hearing.

28   Petitioner filed the instant federal habeas petition on December 29, 2005.

Partial Dismissal Order; Order to Show Cause
P:\pro-se\sj.jf\hc.05\Stiner400osc

1

**DISCUSSION**

2    A.      Standard of Review

3            This Court may entertain a petition for writ of habeas corpus "in behalf of a person

4    in custody pursuant to the judgment of a state court only on the ground that he is in

5    custody in violation of the Constitution or laws or treaties of the United States."  28

6    U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

7            A district court shall "award the writ or issue an order directing the respondent to

8    show cause why the writ should not be granted, unless it appears from the application that

9    the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

10   B.      Petitioner's Claim

11           As grounds for federal habeas relief, Petitioner alleges: (1) the Board ignores the

12   plain language and legislative intent of [California] Penal Code § 3041; (2) the Board

13   violates the mandate of the statutory parole scheme which requires that parole shall

14   normally be granted; (3) the Board's failure to use the matrix in order to quantify the

15   factors present in murders and produce proportionate sentences for murders violates due

16   process; (4) the proper application of the "some evidence" standard requires that there be

17   some evidence that is probative of present dangerousness and the use of the "some

18   evidence" standard to review Board of Prison Terms' decisions violates due process; (5)

19   the Board violates due process in routinely characterizing murders as being "particularly

20   cruel or egregious" and is arbitrary; and (6) the Board improperly denied parole because

21   petitioner had not completed vocational training.

22           Claims one, two, and six are not cognizable in a federal habeas action because a

23   writ of habeas corpus is available under § 2254(a) "only on the basis of some

24   transgression of federal law binding on the state courts."  Middleton v. Cupp, 768 F.2d

25   1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)), cert. denied,

26   478 U.S. 1021 (1986).  It is unavailable for violations of state law or for alleged error in

27   the interpretation or application of state law.  See Estelle v. McGuire, 502 U.S. 62, 67-68

28   (1991); Engle, 456 U.S. at 119.  Petitioner has not specified any violation of federal law

1  in these claims.  These claims, therefore, will be dismissed without leave to amend.  The

2  Court orders Respondent to show cause why the petition for a writ of habeas corpus

3  should not be granted as to the remaining claims.

4  **CONCLUSION**

5  1.      The Clerk shall serve by mail a copy of this order and the petition

6  and all attachments thereto upon the Respondent and the Respondent's attorney, the

7  Attorney General of the State of California.  The Clerk shall also serve a copy of this

8  order on the Petitioner.

9  2.      Respondent shall file with the Court and serve on Petitioner, within **sixty**

10  **days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the

11  Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should

12  not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of

13  all portions of the state parole record that have been transcribed previously and that are

14  relevant to a determination of the issues presented by the petition.

15  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse

16  with the Court and serving it on Respondent within **thirty days** of his receipt of the

17  answer.

18  3.      Respondent may file a motion to dismiss on procedural grounds in lieu of

19  an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules

20  Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file

21  with the Court and serve on Respondent an opposition or statement of non-opposition

22  within **thirty days** of receipt of the motion, and Respondent shall file with the court and

23  serve on Petitioner a reply within **fifteen days** of receipt of any opposition.

24  4.      It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded

25  that all communications with the Court must be served on respondent by mailing a true

26  copy of the document to Respondent's counsel.  Petitioner must keep the Court and all

27  parties informed of any change of address by filing a separate paper captioned "Notice of

28  Change of Address."  He must comply with the Court's orders in a timely fashion.

Partial Dismissal Order; Order to Show Cause
P:\pro-se\sj.jf\hc.05\Stiner400osc

1   Failure to do so may result in the dismissal of this action for failure to prosecute pursuant

2   to Federal Rule of Civil Procedure 41(b).

3          IT IS SO ORDERED.

4   DATED:   9/30/06

    JEREMY FOGEL
5   United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Partial Dismissal Order; Order to Show Cause
P:\pro-se\sj.jf\hc.05\Stiner400osc

1    A copy of this ruling was mailed to the following:

2

3    Larry Stiner
     B-19861
     San Quentin State Prison
4    San Quentin, CA  94974

5

     CA State Attorney General's Office
6    455 Golden Gate Avenue
     Suite 11000
7    San Francisco, CA  94102-7004

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Partial Dismissal Order; Order to Show Cause
P:\pro-se\sj.jf\hc.05\Stiner400osc