1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| LARRY STINER,<br><br>                      Petitioner,<br><br>  vs.<br><br>S. W. ORNOSKI, Warden,<br><br>                     Respondent. | No. C 05-5400 JF (PR)<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL<br><br><br><br>(Docket No. 4) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The Court ordered Respondent to show cause why the petition should not be granted.  Respondent has filed an answer addressing the merits of the petition, and Petitioner has filed a traverse.  Petitioner also filed a motion for appointment of counsel.  The Court DENIES Petitioner's motion for appointment of counsel (docket no. 4 ) without prejudice.

## DISCUSSION

Petitioner moves the Court for appointment of counsel.  Petitioner requests that the Court appoint counsel because the issues are particularly complex, he has limited educational background, and he believes that an evidentiary hearing is necessary to

1

1    resolve the claims in this instant petition.  See Pet.'s Mot. at 1-2.  However, the Sixth

2    Amendment's right to counsel does not apply in habeas corpus actions.  Knaubert v.

3    Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986).  18 U.S.C. § 3006A(a)(2)(B) authorizes

4    appointment of counsel to represent a habeas petitioner whenever "the court determines

5    that the interests of justice so require and such person is financially unable to obtain

6    representation."  The decision to appoint counsel is within the discretion of the district

7    court.  See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S.

8    1023 (1987); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th

9    Cir.), cert. denied, 469 U.S. 838 (1984).

10          The Court concludes that the interests of justice do not require appointment of

11   counsel at this time.  Petitioner has aptly presented his claims and the petition is now

12   submitted for the Court's review.  An evidentiary hearing does not appear necessary in

13   the instant case.  Accordingly, Petitioner's motion for appointment of counsel (docket no.

14   4) is DENIED without prejudice.  The Court will review the merits of the petition in a

15   separate written order.

16          IT IS SO ORDERED.

17   DATED: __7/30/07_____

18                                                                JEREMY FOGEL
                                                                  United States District Judge

19

20

21

22

23

24

25

26

27

28

Order Denying Petitioner's Motion for Appointment of Counsel
P:\pro-se\sj.jf\hc.05\Stiner400attyden          2

1    A copy of this order was mailed to the following:

2    Larry Stiner
     B-19861
3    San Quentin State Prison
     San Quentin, CA  94974
4

5    Amber Nicole Wipfler
6    CA State Attorney General's Office
     455 Golden Gate Avenue
7    Suite 11000
     San Francisco, CA  94102-7004
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Denying Petitioner's Motion for Appointment of Counsel
P:\pro-se\sj.jf\hc.05\Stiner400attyden                3